ROY S. FITCH, Respondent, *v.* THE NEW YORK CENTRAL
RAILROAD COMPANY, Appellant.

**Railroads — negligence — contributory negligence — when
plaintiff chargeable with contributory negligence in not seeing
train at railroad crossing if he looked as he testified.**

In an action brought by plaintiff to recover for injuries sustained
when his automobile was struck by a freight train on defendant's
railroad when plaintiff was attempting to cross the track, the evidence
is that when plaintiff reached a point thirty feet from the track he
could see in the direction from which the train was coming at least
three hundred feet, at twenty feet from the track much further, and at
fifteen feet from the track at least six or seven hundred feet.    Plain-
tiff testified that as he approached the track he was going very slowly,
saw a man, a witness, who testified that he signaled plaintiff to stop,
waving his hands, thought he wanted to ride in the automobile, and
stopped his car within a few feet from the track, so near that the
train struck it, at which instant he saw for the first time the approach-
ing train.    The train must have been in plain view and if plaintiff was,
as he testified, looking continually in the direction from which the
train was coming, he must be held guilty of contributory negligence as
matter of law.    It was error, therefore, for the trial court to refuse
to charge that if plaintiff stopped his automobile on the track or so
near thereto, when the train was only sixty feet away, that it could not
clear the automobile, then plaintiff was guilty of contributory negligence
as matter of law and could not recover.    (*Hagglund* v. *Erie R. R. Co.*,
210 N. Y. 47, followed.)

*Fitch* v. *New York Central R. R. Co.*, 194 App. Div. 981, reversed.

(Argued April 27, 1922; decided May 9, 1922.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered January 10, 1921, affirming a judgment in favor
of plaintiff entered upon a verdict.

*Raymond C. Vaughan* for appellant.    Plaintiff failed
to establish any actionable negligence on the part of the
defendant.    (*Foley* v. *N. Y. C. & H. R. R. R. Co.*, 197
N. Y. 430; *Griffith* v. *Long Island R. Co.*, 147 App. Div.

693; *Bowden* v. *L. V. R. R. Co.*, 178 App. Div. 413; 226 N. Y. 648.)   Plaintiff was guilty of contributory negligence as a matter of law.   (*Brooks* v. *B. & N. F. R. R. Co.*, 25 Barb. 600; *Mackey* v. *N. Y. C. R. R. Co.*, 27 Barb. 528; *S. B. A. L. Ry. Co.* v. *Abernathy*, 92 S. E. Rep. 913; *La Goy* v. *Director General*, 231 N. Y. 191; *Bowden* v. *Lehigh Valley R. R. Co.*, 178 App. Div. 413; 226 N. Y. 648; *Barnasky* v. *N. Y., O. & W. Ry. Co.*, 226 N. Y. 435; *Avery* v. *N. Y., O. & W. Ry. Co.*, 205 N. Y. 502.)

*Dana L. Spring* and *Hamilton Ward* for respondent. The defendant was negligent.  (*Sipowicz* v. *L. V. R. R. Co.*, 189 App. Div. 715; 231 N. Y. 534; *Cordell* v. *N. Y. C. R. R. Co.*, 70 N. Y. 119;  *Petrie* v. *N. Y. C. & H. R. R. R. Co.*, 63 App. Div. 473; 171 N. Y. 638.)   The contributory negligence of the plaintiff was a question of fact.  (*Saulten Case*, 88 N. Y. 42; *Voak* v. *N. Y. C. R. R. Co.*, 75 N. Y. 320; *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y. 383; *Feeney* v. *L. I. R. R. Co.*, 116 N. Y. 375; *Eastland* v. *Clarke*, 165 N. Y. 420; *Carr* v. *Penn. R. R. Co.*, 227 N. Y. 44; *Mackay* v. *N. Y. C. R. R. Co.*, 35 N. Y. 75; *McGovern* v. *S. O. Co.*, 11 App. Div. 588; *Conway Case*, 222 N. Y. 437; *Larsen* v. *Lackawanna Steel Co.*, 146 App. Div. 238.)

CRANE, J.   At about eighty-thirty on the morning of November 20, 1917, the plaintiff's automobile was struck by the defendant's freight train at the crossing of the Braley and Randall roads and the defendant's track in Niagara county.   The plaintiff was going in an easterly direction and the train coming from the north. The plaintiff was driving a Ford touring car and had just come from a store situated about four or five hundred feet west of the point of the accident.

The evidence regarding the defendant's negligence was sufficient to take the case to the jury upon this point.

Some witnesses testified that they did not hear the whistle blown, or blown at the whistling post, and that the bell was not rung. The train was moving at the rate of thirty-five miles an hour.

The appellant, however, insists that the evidence as to the plaintiff's contributing neglect was all one way; that there was not sufficient dispute regarding the facts to make it a question for the jury, and that the facts, circumstances and conditions proved the plaintiff to have been guilty of contributory negligence as a matter of law. Upon a careful review of the evidence, we likewise have come to this conclusion.

The railroad at this intersection is a single track on the Ontario division of the New York Central, running from Suspension Bridge to Oswego. The passenger station at this point is about two hundred and thirty feet north from the intersection of the Braley and Randall roads, *i. e.*, as the plaintiff approached the track, the station was on his left. Whatever difficulty the plaintiff may have had in seeing an approaching train as he came from the store toward the crossing, the exhibits in the case make it quite evident that at thirty feet from the track the plaintiff could see up in the direction that the train was coming some distance past the station, at least three hundred feet. As he came to twenty feet from the track, he could of course see much farther, and when fifteen feet from the track, could see at least six or seven hundred feet. The telegraph poles, shown in the picture exhibits, give some idea of the distance that the plaintiff could see at the points indicated. Plaintiff testified that he was running very slowly when near the track, probably not over a mile an hour; that he first saw the train when he was practically right on the track — possibly nine feet from it, and that the train was just then passing the freight house below the station. He says that he tried to back up, put his foot on the reverse and stalled his engine; that the car stopped so near to the track that

1922.]          Opinion, per CRANE, J.          [233 N. Y. 356]

when the train came along it was hit by the locomotive. It is conceded that as the plaintiff approached the track, a witness, named Henry S. Bradley, signalled him to stop. The plaintiff swears that he saw Bradley coming toward him when he (the plaintiff) was sixty feet from the railroad. Bradley at that time was about twenty feet from the crossing, walking parallel with the track towards the crossing. The plaintiff modifies this somewhat by testifying as follows:

" Q. How far were you from the railroad track when you first saw Bradley? A. About twenty or twenty-five feet.

" Q. And at that point, twenty or twenty-five feet from the railroad crossing, did you look toward the north-east down by the station? A. I did.

" Q. *That is, did you continue to look in that direction all the time up to the time you stopped your automobile?* A. *I did.*

" Q. Continually looking in that direction? A. I did, and I was looking at Mr. Bradley.

" Q. As you neared the track you saw Mr. Bradley put up his hands? A. I did.

" Q. That is, you saw him put up both hands? A. I did.

" Q. And when you saw him put up both hands you came to the conclusion he wanted to ride with you? A. I did, because I hadn't seen the train, no train in sight.

" Q. When you saw him put up both hands you thought he wanted to ride with you and you stopped? A. As quick as I could.

" Q. When you stopped, the front wheel of your automobile was on the rail part of the track, the first rail? A. Just about.

" Q. And after you came to a stop, you looked towards the depot again? A. I did.

" Q. And you saw this train coming? A. Yes, sir.

" Q. And how much time elapsed from the time you stopped until you were struck? A. Just time enough for

me to stick my foot on the reverse and try to back up and stall it and jump."

Again the plaintiff testified as follows:

" Q. And that was when the train came into your view? A. No, I stopped first and then the train came into my view."

We cannot comprehend how the plaintiff, looking continually to the northwest, the direction from which the train was coming, could not see the train or did not see it until his car was on the track, or very near to it. As he approached this track, he was going very slowly, saw Bradley waving his hands, thought he wanted to ride in the automobile, and stopped his car within a few feet of the track at which instant for the first time he saw the train. The train must have been in plain view.

Under these circumstances the plaintiff, in our judgment, was guilty of contributory negligence as a matter of law. (*Hagglund* v. *Erie R. R. Co.,* 210 N. Y. 47.)

After the judge's charge, the defendant's lawyer requested the court to instruct the jury as follows: " I ask your Honor to charge that if the plaintiff stopped his automobile upon the defendant's track or in such close proximity thereto that a passing train could not clear the same, for the purpose of picking up a supposed intended passenger when the approaching train was only sixty feet away, he was guilty of contributory negligence as a matter of law, and could not recover." This the court refused to charge, and an exception was taken. Bradley testified: " When his machine stopped on that rail the train was from sixty-five to seventy-five feet back here, east." At another point, he testified that the front of the train was sixty feet from the automobile when the automobile came to a stop, and that he subsequently measured the distance. Again he swore that at that time he calculated the train was sixty or seventy feet from the machine when it stopped.

It requires little argument to establish that the plain-

tiff would be guilty of contributing negligence if he stopped his automobile on or near the rail of the railroad track when a train was only sixty feet away. It is no answer to say that he did not see it. He could and should have seen it. Under such circumstances, it was reversible error to refuse to charge the request.

For the reasons here stated, the judgments must be reversed, and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, Mc-LAUGHLIN and ANDREWS, JJ., concur.

Judgments reversed, etc.